Edith L. Clow
vs.                    }No. 53606
George Jenckes

James M. Patterson
vs.                    }No. 53605
George Jenckes
February 5, 1926

SUMNER, J. The plaintiffs in the above entitled cases brought suit against the defendant for damages resulting from an automobile accident. The jury returned a verdict for the defendant in both cases and plaintiffs have filed motions for new trials.

The plaintiffs were passengers on a jitney, a Ford driven by one Leo Joyce, as it was going westerly on Chalkstone Avenue at the intersection of Oakland Avenue and Raymond Street about 10 p. m. Raymond street is apparently a continuation of Oakland Avenue.

The plaintiffs claim that as they came to the intersection of the three streets, the defendant drove his car suddenly out from Raymond Street from behind a trolley car standing there, and the jitney in which they were riding struck the defendant's car in the rear, overturning the jitney and causing them injuries. The driver of the jitney did not testify, the plaintiffs claiming he had left the State. The plaintiffs' witnesses did not give a very clear idea of the accident, nor could they tell the speed at which the defendant's car was going. They saw it appear suddenly from behind the trolley car and the accident followed.

The plaintiff Patterson estimated the speed of the jitney or Joyce car as between fifteen and twenty miles. Mrs. Richards, a witness for the plaintiff, said that it was going at a moderate speed. Miss Clow said the Joyce car did not seem to be going very fast.

The defendant and his wife testified in substance that they came up Raymond Street at about fifteen miles an hour in a Ford car, slowed down to six miles an hour at the corner, passed the rear of the trolley car, and were almost into Oakland Avenue when struck. They said they saw the Joyce car as they approached the intersection and before they had reached the trolley car, and that it was then about 100 feet up Chalkstone Avenue. They did not testify as to its speed at that time. The defendant also said that after he passed the rear of the trolley car, he increased his speed slightly but that the Joyce car was going about thirty miles an hour when the collision occurred. There was testimony on the part of the plaintiffs that Joyce turned, or tried to turn to his left, and put on his brakes as he approached the rear of the trolley car.

The collision occurred near the northwest corner of Chalkstone Avenue and Oakland Avenue.

The plaintiffs claim that under Section 1465 of the General Laws, Joyce had a right of way as he was coming from the defendant's right, and the defendant should have yielded at all events. There are two other provisions of the statute that are applicable to this case, namely, parts of Section 1443 of the General Laws. The first part says that upon approaching "a crossing of intersecting public highways", the operator of a motor vehicle "shall have the same under control and shall reduce its speed to a reasonable and proper rate". In the latter part of the same section it provides that a person operating a motor vehicle shall, "upon approaching a crossing or an intersecting highway", slow down and give timely signal with his bell or horn. The first part of this section applies to cases where there is a "crossing of intersecting public highways", and the

Court believes that this refers to one highway completely crossing another and continuing on the other side, but that the latter part of the section refers merely to an intersecting highway which goes no farther than the street which it intersects. The first part of the section would apply then to the scene of the accident, and both the operators of the cars were required to reduce the speeds of their cars and have them under control. The statute does not require the operator to actually stop his car.

The jury could properly find on the testimony that Joyce was the proximate cause of the accident by driving his car recklessly in violation of the statute; and, from the fact that the collision occurred where it did, they might infer that Joyce was not watching the left of the road and so did not discover the defendant's car until it was too late. If he had had his car under control, the accident apparently could have been avoided.

In the absence of testimony showing that the defendant knew that Joyce was driving at a high rate of speed before he emerged from the rear of the trolley car, he was justified in proceeding slowly along. He would have a right to assume that Joyce would respect the provisions of the statute.

The negligence of Joyce could not be imputed to the plaintiffs and the jury were instructed as to the principle of proximate cause.

The Court is not satisfied that the verdicts of the jury were erroneous and accordingly denies the motion for new trials.

For Plaintiffs: Arthur Cushing.

For Defendant: Fitzgerald & Higgins.